MICHAELANGELO MAGRO *vs.* BARBARA S. MAGRO (and a companion case). April 25, 1975. The petitioner appeals from a decree of a Probate Court denying and dismissing his equity petition, and from an order denying his application for an allowance. By his equity petition the petitioner sought to determine title to the sums represented by three checks and a certificate of deposit payable jointly to the petitioner and his then wife, the respondent, and to two joint bank accounts in the names of the parties. Relying on the presumption that a wife's contributions to a joint fund in her and her husband's names are intended as gifts for the benefit of both spouses (see *Ross* v. *Ross,* 2 Mass. App. Ct. 502, 508-509, 510 [1974], cert. den. 420 U.S. 947 [1975], and cases cited), the petitioner contends that there was no evidence to rebut that presumption in the present case and that the probate judge was therefore plainly wrong in finding an absence of such a donative intention on the part of the respondent with respect to the sums at issue. 1. The judge found (and was amply warranted in finding) that the two tax refund checks had been received by reason of overpayments by the respondent of taxes on income earned exclusively by her and that the petitioner had not even signed the tax returns which accompanied the payments. We know of no basis (and none has been suggested to us) for applying the presumption in question to those facts. 2. With regard to the other sums at issue, we are of the opinion that the presumption has been sufficiently rebutted. See *Robinson* v. *Robinson,* 366 Mass. 582, 586 (1974), and case cited. The judge's finding that the petitioner "dominated" the respondent, coupled with the peculiar conditions, financial and otherwise, under which the parties lived — including the petitioner's unilateral decision to abandon gainful employment a year after they were married, requiring the respondent to act as the sole provider for the parties and their child for the remaining several years of the marriage; the "great discussion" which occurred every time the respondent received one of her biweekly pay checks as to how much would be deposited and in what bank account, with the petitioner invariably insisting that he keep some of it in the form of cash for his own use (in an aggregate amount exceeding his total earnings throughout the marriage); and the frequent beatings and other forms of harassment to which he subjected the respondent in an apparent effort to assert his authority as head of the household — doubtless led the judge to the conclusions (which we cannot say are plainly wrong) that the respondent was by no means a free agent and that her contributions to the joint funds in question resulted more from the petitioner's coercive tactics than from the respondent's voluntary choice. 3. The petitioner's appeal from the order denying his application for an allowance pursuant to G. L. c. 208, § 17, to defend in the companion case (the respondent's libel for divorce) has not been argued and therefore requires no response. *Nigro* v. *Nigro, ante,* 705 (1975).

> *Decree on equity petition affirmed.*
> *Order denying application*
> *for allowance affirmed.*

*Kenneth H. Soble* for the petitioner.
*Vincent Galvin* for the respondent.